UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAUL A. HARPER,  )
 )
      Plaintiff(s),  )    No. C09-02917 BZ
 )
  v.  )    **ORDER DISMISSING PLAINTIFF'S**
 )    **COMPLAINT**
RICHARD W. WIEKING,  )
 )
      Defendant(s).  )
 )

    On June 25, 2009, plaintiff Paul Harper ("plaintiff") initiated this action against Richard Wieking, Clerk of the United States District Court, Northern District of California.[1] Plaintiff also filed an application to proceed *in forma pauperis*. I granted plaintiff's *in forma pauperis* application, but dismissed plaintiff's complaint with leave to amend on the grounds that the complaint failed to state a claim for relief because "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the

---

[1] Plaintiff has consented to my jurisdiction for all proceedings including entry of final judgment, pursuant to 28 U.S.C. § 636(c).

1

1  judicial process." (*See* Doc. No. 7 (citing <u>Mullis v. United
2  States Bankruptcy Court</u>, 828 F.2d 1385, 1390 (9th Cir. 1987)).
3  Plaintiff filed an amended complaint on August 10, 2009.

4      While it is difficult to understand portions of
5  plaintiff's amended complaint, plaintiff's claims appear to be
6  related to a case he previously filed in this court, <u>Harper v.
7  Higgins</u>, Case No. 09-1367-EMC.  Plaintiff appears to be suing
8  Wieking for failing to stamp documents filed by plaintiff as
9  "received"; for failing to mail documents to plaintiff; for
10 failing to file an ADR order; and for "misleading" plaintiff
11 into both filing another complaint and not filing an *in forma*
12 *pauperis* application.  Plaintiff alleges that Wieking's
13 actions violated Fed. R. Civ. Proc. Rule 5 and Rule 77 and
14 that as a result of Wieking's actions, plaintiff has been
15 deprived of his civil rights.

16     Filing documents is an integral part of the judicial
17 process, with respect to which Wieking is entitled to quasi-
18 judicial immunity.  *See* <u>Moore v. Brewster</u>, 96 F.3d 1240, 1244-
19 45 (9th Cir. 1996) (outlining absolute judicial immunity and
20 quasi-judicial immunity of court clerk); *see also* <u>Curry v.
21 Castillo (In re Castillo)</u>, 297 F.3d 940, 947-48 (9th Cir.
22 2002) (concluding that judicial immunity "extends to
23 nonjudicial officers for all claims relating to the exercise
24 of judicial functions," including administrative acts that are
25 part of the judicial process) (internal quotation marks and
26 citation omitted).  Because plaintiff's claims appear to be
27 based on the clerk's filing and processing of court documents,
28 defendant is entitled to quasi-judicial immunity.  Thus,

plaintiff's complaint does not state a claim upon which relief may be granted.

Having previously granted plaintiff leave to amend, I find that permitting another amendment would be futile. Accordingly, plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief can be granted.

Dated:   September 9, 2009

*[signature]*
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\HARPER V. WIEKING\ORDER DISMISSING CASE.wpd

3